**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 10-cr-30064-SMY** |
| | ) | |
| **CASEY KISTLER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

**YANDLE, District Judge:**

Defendant Casey Kistler pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. She was sentenced on December 16, 2010 to 164 months imprisonment (Docs. 103, 105).

Now before the Court is Kistler's *pro se* motion for a reduction of her criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 181). The Court construes this as a motion pursuant to 18 U.S.C. § 3582(c)(1)(B). The Federal Public Defender's Office entered an appearance on Kistler's behalf and filed a Supplemental Motion (Doc. 187). The Government has responded in opposition (Doc. 191). For the following reasons, the motions (Doc. 181 and 187) are **DENIED**.

Section 404(b) of the First Step Act of 2018 states in relevant part:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed.

The court's review of a First Step Act § 404(b) motion is a two-step process. "First, a judge considering a motion for a reduced sentence under the First Step Act is faced with the question of

whether the defendant is eligible for a sentence reduction.  [Second,] [i]f the defendant is eligible, then the court faces the question of whether it should reduce the sentence."  *United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020).

Kistler pleaded guilty pursuant to a plea agreement (Doc. 80).  The plea agreement provided that the Government would move for a Guidelines variance so that Kistler would be sentenced according the Fair Sentencing Act of 2010 ("FSA of 2010") even though her relevant conduct predated the Act and the Act did not apply to her at the time of sentencing.  *Id.*  Without application of the FSA of 2010, Kistler's Advisory Guidelines sentencing range as a career offender was 262 to 327 months imprisonment.  With the benefit of the Act, Kistler's advisory Guidelines sentencing range as a career offender was 188 to 235 months.  Pursuant to the plea agreement, the Government recommended a sentence of 188-months imprisonment.  *Id.* at pp. 6-8, 10.  In addition to recommending a sentence consistent with the Act, the Government also agreed to make a § 5K1 motion for reduction of sentence.  *Id.* at p. 10.

The Court sentenced Kistler to 164 months imprisonment on December 16, 2010.  The sentence was based on both the Government's requests for a variance (down to 188 months imprisonment) and 5K1 departure for a total of 164 months:

> The Court:  I am just looking at what I have to do with respect to the judgment and I think doing it the latter way [reducing the sentence by § 5K1 only] rather than going variance and then down [by § 5K1], it might be easier to do it.

> Mrs. Morrissey: You can certainly take into account that the Government has recommended a variance.

> The Court: Exactly. I can make a note of that. Rather than going three steps, guidelines, variance, 5K1, I can go guidelines 5K1.

(Doc. 190, pp. 12-13).   During the sentencing hearing, Kistler's counsel acknowledged the consideration under the FSA of 2010 even though Defendant did not qualify for the reduction at the time.  *See* Doc. 190, p. 13.

Because Kistler received the benefit of the FSA as well as a §5K1 motion a at the time of sentencing, granting the requested reduction would undermine the sentencing judge's intent and result in a sentencing windfall to the Defendant.  Accordingly, the motions to reduce (Docs. 181 and 187) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 5, 2022**

**STACI M. YANDLE**
**United States District Judge**